Methodist Episcopal Church in the village of Little Falls a₄t. Tryon.

H. H. MARTIN, *defendant's counsel.*

J. S. BOSWORTH, *defendant's attorney.*

E. H. ROSEKRANS, *plaintiff's counsel.*

M. W. PERINE, *plaintiff's attorney.*

————•—•◦•—————

*THE METHODIST EPISCOPAL CHURCH in the village     [*132]
of Little Falls agt. NORMAN TRYON.

A commissioner's order staying plaintiff's proceedings, *after report of referees*, is void within the meaning of the 97th rule.

A *report of the referees* is equivalent to a *verdict* within the statute. (2 *R. S. p.* 209, § 20.) A defendant made a case to review a report of referees, served notice of settlement within the four days allowed by the rule for that purpose, but fixed the day of settlement *more than twenty days from the day of service.* After twenty days from the day of service, the plaintiff perfected judgment, issued execution and levied (the commissioner's order, if it had been valid, only stayed plaintiff's proceedings, *by its terms,* until the case was settled).

*Held,* that the case became settled by force of the rule of this court, *at least* after the expiration of twenty days from the day of serving notice of settlement.

*April Term,* 1846.

MOTION by defendant to set aside execution and judgment, and to have case settled and argued.

This cause was an action of assumpsit, and referred by consent to three referees, who made their report in favor of the plaintiffs, on the 18th of December last. A copy of the report was served on defendant's attorney December 20th. On the 30th of December, defendant's attorney served on plaintiff's attorneys, papers, case and notice of motion, on which to move to set aside the report; at the same time served an order of a *supreme court commissioner,* staying all plaintiff's proceedings after filing the report, and entering rule for judgment, until the case was settled by the referees, and two days thereafter.

The case and papers were verified by affidavit. On the 22d of January, plaintiff's attorneys served on defendant's attorney proposed amendments—time for that purpose had been extended to January 25th. On the 24th of January, defendant's attorney served on plaintiff's attorneys a notice of the settlement of the case, and amendments by the referees, for the 16th of February then next. Defendant's attorney gave as a reason for fixing the time so long, that the common pleas commenced its session in Herkimer county on the first Monday of February, and usually occupied two weeks or more; and the law member of the referees was district attorney, and the attorneys for both parties had more or less business before that court, &c. On the 30th of January, plaintiff's attorneys served on defendant's attorney a notice, in substance, that they should object to the settlement of the case by the referees, for the reason that the day of settlement fixed by defendant's attorney was more than twenty days after the time of serving notice of settlement; and as more than four days had expired after the service of the proposed amendments by them, they should consider the case as settled by the plaintiff's amendments. The referees refused to settle the case on the [*133] objections made by plaintiff's attorneys. *On the 4th of February, plaintiff's attorneys entered up judgment, and on the 12th of March issued execution.

M. T. REYNOLDS, *defendant's counsel.*

L. FORD, *defendant's attorney.*

E. S. CAPRON, *plaintiff's counsel.*

CAPRON & LAKE, *plaintiff's attorneys.*

BEARDSLEY, Justice. Held, the commissioner's order void, under the 97th rule; that a *report* of referees was equivalent to a *verdict* within the statute (2 *R. S. p.* 209, § 20); and that the case became settled by force of the rule of this court, at least after the expiration of twenty days from the day of service of notice of settlement, and the plaintiff's proceedings were, therefore, regular, but permitted the defendant on terms

to have the case settled by the referees, and to argue it; the judgment, execution and levy to stand as security, unless he gave a bond with approved security to pay the judgment, if sustained, in which case the execution and levy on the goods of defendant was to be set aside, but the judgment to stand.

Rule accordingly.